IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

PATRICIA JOHNSON,
      Plaintiff,

v.

EDWARD JONES INVESTMENTS, et al.,
      Defendants.

CIVIL ACTION FILE
NO.: 2:11-CV-116-RWS-SSC

## FINAL REPORT AND RECOMMENDATION

On May 11, 2011, Plaintiff filed an application to proceed *in forma pauperis* in this action, alleging, *inter alia*, that Defendants terminated her employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. (See Doc. 1). On September 1, 2011, the Court entered an Order [Doc. 4] granting Plaintiff's application to proceed *in forma pauperis*, but directed Plaintiff to file an amended complaint within fifteen (15) days. Plaintiff filed her amended complaint on September 15, 2011 [Doc. 7]. By Order entered on September 30, 2011 [Doc. 8], the Court directed the Clerk to send to Plaintiff the USM 285 form, summons, and initial disclosures form and directed Plaintiff to complete those forms and return them to the Clerk within twenty (20) days from the date of entry of that Order. Plaintiff did not return those forms as directed. Instead, she filed a Motion for Extension of Time [Doc. 9] requesting a 150-day

extension of time to complete the "Initial Disclosures." By Order entered on December 28, 2011 [Doc. 10], the Court granted Plaintiff's motion in part and denied it in part. Plaintiff was directed to complete and return the USM 285 and summons form within twenty (20) days from the date of entry of that Order. The deadline for filing the initial disclosures was stayed until thirty (30) days after the appearance of the defendant by answer or motion. Plaintiff was advised that failure to comply with the Court's Order might result in a recommendation to the District Court that her complaint be dismissed. Plaintiff failed to comply with the Court's Order.

Therefore, by Order entered on January 27, 2011 [Doc. 11], Plaintiff was ordered to complete and return the USM 285 and summons form within fourteen (14) days from the date of entry of that Order. Plaintiff was further ordered to show cause within fourteen (14) days why her complaint should not be dismissed due to her failure to comply with the Court's Order. Plaintiff was cautioned that failure to comply with the Court's Order would result in a recommendation to the District Court that her complaint be dismissed. Plaintiff has failed to comply with the Court's Order.

LR 41.3A(2), NDGa. authorizes dismissal of a civil action for want of prosecution "with or without notice to the parties" when "[a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case." Fed. R. Civ. P. 41(b) provides that upon motion of a defendant, a complaint may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order. . . ." and

"[i]n addition to the authority granted by Rule 41(b), a federal district court possesses the inherent authority to dismiss an action for want of prosecution, which it may exercise on its own motion when necessary to maintain the orderly administration of justice." Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241, 247 (5th Cir. 1980). When the Court dismisses an action with prejudice—whether on its own motion or on the motion of a defendant—however, it may do so "only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanction would not suffice." Betty K Agencies, LTD v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (internal quotation omitted).

Plaintiff has failed to complete and return the USM 285 and summons forms as directed. Furthermore, Plaintiff has failed to comply with two Orders of this Court directing her to complete and return the forms.[1]

The undersigned finds that Plaintiff has engaged in a "clear pattern of delay or willful contempt" and given Plaintiff's complete failure to respond to the Court's Orders, "that lesser sanctions would not suffice," Betty K Agencies, 432 F.3d at 1337038. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED, with prejudice**, pursuant to Fed. R. Civ. P. 41(b), the Court's

---

[1] Plaintiff was sent a "Notice to *Pro Se* Plaintiffs [Doc. 6] on or about September 2, 2011; it advised Plaintiff, *inter alia*, that she must comply with the Federal Rules of Civil Procedure and Local Rules. The Notice further advised Plaintiff that she could obtain certain basic materials and hand-outs from the Office of the Clerk of Court located in Gainesville or in Atlanta and that she could also utilize the law library located at the courthouse in Atlanta, and the addresses of those locations were provided.

"inherent authority to dismiss an action for want of prosecution . . . when necessary to maintain the orderly administration of justice" and LR 41.3A(2), NDGa. for Plaintiff's repeated failures to comply with the rules and Orders of the Court, even after she was warned that noncompliance could result in dismissal of her complaint.[2] (See Docs. 8, 10, and 11).

**IT IS SO REPORTED AND RECOMMENDED** this   8th   day of  March , 2012.

*Susan S. Cole*
SUSAN S. COLE
United States Magistrate Judge

---

[2] There is no indication that any of the Orders or other materials sent to Plaintiff have been returned to the Clerk's Office.